

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JANICE HILES                                                                 **PLAINTIFF**

VS.                                          CIVIL ACTION NO. _3:09cv203TSL-JCS_

WAL-MART STORES EAST, LP;
AND JOHN DOES 1-5                                                   DEFENDANTS

## NOTICE OF REMOVAL

**COMES NOW** Wal-Mart Stores East, LP, by and through counsel, and files its Notice of Removal of this action from the Circuit Court of Simpson County, Mississippi, to the United States District Court for the Southern District of Mississippi, Jackson Division, and, in support thereof, would show unto the Court the following:

## COMPLAINT

1.    On or about January 14, 2009, the Plaintiff filed a Complaint against Wal-Mart Stores East, LP ("Wal-Mart") in the Circuit Court of Simpson County, Mississippi, being civil action number 2009-10, a copy of which is attached hereto as Exhibit A.

2.    In her Complaint, the Plaintiff alleged that Wal-Mart was careless, reckless and negligent by permitting the Plaintiff to walk in area which Wal-Mart knew or should have known was unsafe, hazardous and dangerous; by failing to reasonably and properly keep the floor of the premises in a safe condition; by failing to have an adequate and sufficient number of employees maintaining and keeping the premises; and by failing to adequately warn the Plaintiff of the dangerous and hazardous condition on the floor. Ex. A. The Plaintiff's Complaint demands a judgment "in an amount to be determined by a jury to reasonably compensate the Plaintiff, and all costs of Court, together with pre and post judgment interest." Ex. A.

## PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

### A.     This Case is Properly Removable

3.      This case is properly removable to this Court pursuant to 28 U.S.C. § 1441(a), which

provides in pertinent part as follows:

> Except as otherwise expressly provided by Act of Congress, [1] any civil action
> brought in a state court of which the district courts of the United States have <u>original</u>
> <u>jurisdiction</u>, [2] may be removed by the defendant or the defendants, to the <u>District</u>
> <u>Court of the United States for the district or division embracing the place where such</u>
> <u>action is pending</u>. . . .

28 U.S.C. § 1441(a) (emphasis added).

4.      As will be explained in more detail below, this Court has original jurisdiction

(diversity jurisdiction) of this case, pursuant to 28 U.S.C. § 1332(a), as amended, which provides

in pertinent part as follows:

> a.      The district court shall have original jurisdiction of all civil actions
> where the matter in controversy exceeds the sum or value of $75,000.00, exclusive
> of interest and cost, and is between –
>     (1)     citizens of different States. . . .

28 U.S.C. § 1441(a).

5.      Additionally, the United States District Court for the Southern District of Mississippi,

Jackson Division, is the district and division embracing the location of the state court where this suit

is currently pending.

### B.     This Removal is Timely

6.      Pursuant to 28 U.S.C. §1446 (b), a notice of removal can be filed within thirty (30)

days after receipt "through service or otherwise, a copy of an . . . *other paper* from which it may first

2

be ascertained that the case is one which is or has become removable. . . . " 28 U.S.C. §1446 (b) (emphasis added).

7.      As will be stated in more detail below, Plaintiff's executed responses to request for admissions, which were mailed to Wal-Mart's counsel on March 24, 2009, was an "other paper" from which Wal-Mart first ascertained that the amount in controversy had been met and the case was removable based on diversity jurisdiction.

8.      Since Wal-Mart is removing this case within thirty days from the date it received those executed responses to request for admissions, this removal is timely.

**C.      Required Documents Attached and Notice to Clerk Given**

9.      Pursuant to 28 U.S.C. § 1446(a), copies of process, pleadings and orders served on Wal-Mart are attached hereto collectively as Exhibit B.

10.      Additionally, contemporaneous with the filing of this Notice of Removal, Wal-Mart will file a copy of the same with the Clerk of the Circuit Court of the First Judicial District of Hinds County, Mississippi, in accordance with 28 U.S.C. §1446(d).

## DIVERSITY JURISDICTION EXISTS

11.      As already briefly mentioned, this Court has original diversity jurisdiction over this case, pursuant to 28 U.S.C. § 1332(a), because the Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**A.      Diversity of Citizenship Exists**

12.      According to the Complaint, the Plaintiff is an adult resident citizen of Smith County, Mississippi. Complaint, Ex. A, at ¶ 1.

13.     At all times relevant to removal analysis, Wal-Mart East, LP, is a limited partnership organized under the Delaware Revised Uniform Limited Partnership Act.  Moreover, the principal place of business of Wal-Mart Stores East, LP, as well as that of its general and limited partners, WSE Management, LLC and WSE Investment, LLC , are all in Bentonville, Arkansas.

**B.     Amount in Controversy Met**

14.     Since the Complaint sought an *unspecified* amount in damages as a result of Wal-Mart's alleged wrongdoings, Ex. A, it was not apparent from the face of the Complaint that the case was initially removable pursuant to 28 U.S.C. § 1446. *See Billups v. Allstate Life Insurance Co.*, 278 F. Supp. 2d 794, 796-97 (S.D. Miss. 2003) (holding that it was not facially apparent from the complaint that plaintiff's damages exceeded the jurisdictional minimum where plaintiff's complaint demanded an unspecified amount of damages).

15.     As such, on or about March 3, 2009, Wal-Mart served its Answer and Affirmative Defenses to Plaintiff's Complaint in state court and propounded a set of Requests for Admission to the Plaintiff on the same day to ascertain if the Plaintiff was in fact seeking damages more than the jurisdictional limit. *See generally McLain v. Am. Int'l Recovery, Inc.*, 1 F. Supp. 2d 628 (S.D. Miss. 1998) (propounding request for admissions was the preferred approach when it is unclear that the amount in controversy is met); *Draper v. United States Fidelity & Guaranty Co.*, 2000 WL 286565, *3 (S.D. Miss. 2000) (same).

16.     The Plaintiff mailed executed responses to these Requests for Admission on or about March 24, 2009.  *See* Response to Requests for Admission, attached hereto as Ex. C.  Through these responses, which are set forth below, the Plaintiff failed to affirmatively limit her damages to

4

$75,000.00 and she clearly indicated that she would accept greater than $75,000.00 if awarded same

by a jury:

> REQUEST NO. 2:    Admit that you would not accept any sum greater than $75,000.00 for
> any damages even if awarded by a jury.
>
> RESPONSE:         Denied.
>
> REQUEST NO. 4:    Admit that you will never seek a verdict from any jury
> hearing this action greater than $75,000.00.
>
> RESPONSE:         Denied.
>
> REQUEST NO. 5:    Admit that you will not seek a verdict in excess of $75,000.00
> exclusive of interest and cost at the trial of this matter.
>
> RESPONSE:         Denied.

*Id.*

17.    Since the Plaintiff has unequivocally stated that she would seek and/or accept a jury

verdict in excess of $75,000.00, the amount in controversy is met in this case, and removal is proper.

*Fields v. Household Bank*, 280 F. Supp. 2d 530, 532 (N.D. Miss. 2003); *see also Easley v. Lowe's*

*Home Centers, Inc.,* 2007 WL 2127281 (N.D. Miss. July 23, 2007) ("It is now axiomatic that when

a plaintiff fails to admit or stipulate that he will not accept more than $75,000 in damages, a federal

court may deem that failure to be sufficient proof that the amount in controversy exceeds $75,000

and that the federal diversity jurisdictional amount is therefore satisfied."); and *Holmes v.*

*Citifinancial Mortgage Co.*, 436 F. Supp. 2d 829, 831-32 (N.D. Miss. 2006)(holding that where

Plaintiff claimed $74,500.00 for all damages in his Complaint, but did not submit an affidavit and

binding stipulation agreement to that effect and objected to, or refused to answer, requests for

admissions that stated to a legal certainty that he would not seek or accept in excess of seventy-five

thousand dollars ($75,000.00), the defendant met its burden of proving the amount in controversy by a preponderance of the evidence).

18.      Defendant reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE, PREMISES CONSIDERED**, Wal-Mart East, LP, requests that this Court proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the Circuit Court of Simpson County, Mississippi, be hereby stayed.

This the 31st day of March, 2009.

Respectfully submitted,

**WAL-MART STORES EAST, LP**

By:_____
Thomas M. Louis  (MSB# 8484)
Shanda M. Yates (MSB# 102687)

**OF COUNSEL:**

**WELLS MARBLE & HURST, PLLC**
Post Office Box 131
Jackson, Mississippi  39205-0131
Telephone:     (601) 605-6900
Facsimile:     (601) 605-6901

## CERTIFICATE OF SERVICE

I, Shanda M. Yates, do hereby certify that a copy of the above and foregoing has this day been sent, via United States Mail, postage pre-paid, to the following:

Mark K. Tullos
THE TULLOS LAW FIRM, P.A.
P.O. Box 505
Raleigh, MS 39153

W. Terrell Stubbs
THE STUBBS LAW FIRM
P.O. Box 157
Mendenhall, MS 39114
**ATTORNEYS FOR PLAINTIFF**

Ms. Cindy Jensen, Clerk
Circuit Court of Simpson County
Post Office Box 307
Mendenhall, MS 39114

Dated the 31st day of March, 2009.

Shanda M. Yates

Hiles_Notice of Removal_v1.WPD                    7