UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JANICE HILES                                                    PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:09CV203TSL-JCS

WAL-MART STORES EAST, LP                                       DEFENDANTS


MEMORANDUM OPINION AND ORDER

     This cause is before the court on the motion of plaintiff
Janice Hiles to remand pursuant to 28 U.S.C. § 1447.  Defendant
Wal-Mart Stores East, LP has responded to the motion and the
court, having considered the memoranda of authorities, together
with attachments, submitted by the parties, concludes that the
motion should be denied.

     Plaintiff filed this lawsuit on January 14, 2009 in the
Circuit Court of Simpson County, Mississippi, seeking an
unspecified amount of damages for injuries she sustained in a slip
and fall at the Simpson County Wal-Mart store.  Defendant was
served on February 3, and filed its answer on March 3, along with
a notice of service of discovery which contained requests for
admissions, requesting plaintiff to "admit that the value of your
claims for damages do not exceed the amount of $75,000.00."  When
plaintiff responded and denied this request, defendant promptly
removed on the basis of diversity jurisdiction.

In her motion to remand, plaintiff does not deny that the requirements of diversity, i.e., complete diversity of citizenship and an amount in controversy in excess of $75,000, are met.  See 28 U.S.C. § 1332.  She contends, though, that the case must be remanded on the basis that defendant's removal was untimely under 28 U.S.C. § 1446(b), which provides:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Plaintiff admits that the first paragraph is inapplicable since her complaint did not specify that she was seeking in excess of $75,000 in damages.  See Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992) (holding that "for the purposes of the first paragraph of § 1446(b), the thirty day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking

damages in excess of the minimum jurisdictional amount of the federal court"). However, plaintiff submits that Wal-Mart was nevertheless aware at the time she filed her complaint that her damages demand was for more than $75,000, since on October 7, 2008, she had sent Wal-Mart a "settlement brochure," advising she would settle for $230,000. She claims that on February 24, more than thirty days prior to defendant's removal, she "confirmed" through an e-mail to defendant's counsel that a settlement brochure had previously been sent to Wal-Mart. Plaintiff thus concludes that defendant's removal was untimely, as the settlement brochure of October 7, 2008 and the e-mail of February 24, 2009 constituted "other paper" from which Wal-Mart could reasonably ascertain that the amount in controversy exceeded $75,000.

The "settlement brochure" sent by plaintiff to Wal-Mart three months before suit was filed does not constitute "other paper" that would trigger the thirty-day removal period under § 1446(b), which the Fifth Circuit has held applies only to an "other paper" received after the initial pleading is filed. See Chapman, 969 F. 2d at 164 (holding that allowing a pre-suit demand letter to constitute an "other paper" would be in direct conflict with the plain language of the removal statute). And, while plaintiff did send an e-mail to defense counsel more than thirty days prior to the notice of removal which referenced the October 2008 settlement brochure, that e-mail was not sufficiently clear and specific as

3

to the amount of damages so as to commence the running of the removal clock.

The February 24, 2009 e-mail stated,

I had previously provided Wal-Mart with a "settlement brochure," and I will prepare one for your benefit and see if we might can resolve this matter without incurring substantial costs.

Wal-Mart's counsel responded, stating that she "look[ed] forward to getting [the] settlement demand package." Yet according to defendant, plaintiff's counsel never provided such a "settlement package."

As defendant notes, the Fifth Circuit has held "the information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)." Bosky v. Kroger Texas, LP, 288 F.3d 208, 211 (5th Cir. 2002). In the court's opinion, the subject e-mail does not satisfy this standard. Contrary to plaintiff's urging, the e-mail does not "confirm" the earlier $230,000 demand, but merely references the fact that a settlement brochure had been previously provided to Wal-Mart. Further, as defendant notes, plaintiff's counsel did not state in this e-mail that he would be forwarding defense counsel a copy of the same settlement brochure; rather he indicated that he would prepare and send a settlement brochure. As Wal-Mart correctly argues, it had no duty to "read between the lines" in an attempt

to decipher the meaning of plaintiff's February 24, 2009 e-mail. Since the e-mail did not make it unequivocally clear and certain that she is seeking an amount in excess of $75,000, the e-mail did not constitute an "other paper" which would have triggered the 30-day removal period. And, since Wal-Mart did remove within thirty days of receiving plaintiff's response to its request for admission, its removal was timely.

Accordingly, it is ordered that plaintiff's motion to remand is denied.

SO ORDERED this 26th day of May, 2009.


/S/ Tom S. Lee
UNITED STATES DISTRICT JUDGE